IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAYHAWK 910VP, LLC, )
 )
        Plaintiff, )
 ) No. 18-1153-KGG
v. )
 )
WindAirWest, LLC, )
 )
        Defendant. )
_____)

**MEMORANDUM & ORDER DENYING MOTION TO**
**ALTER OR AMEND JUDGMENT AND**
**GRANTING MOTION TO AMEND PRETRIAL ORDER**

Defendant WindAirWest, LLC ("Defendant" or "WAW") brings the present Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ.P. 59(e) and to Amend the Pretrial Order" (Doc. 59) asking the Court to revisit the holdings in the Memorandum & Order (Doc. 54) partially granting and partially denying the Motion For Summary Judgment filed by Plaintiff Jayhawk 910VP, LLC ("Plaintiff" or "Jayhawk").  WAW asks the Court to amend the determination that an oral agreement was not preserved in the Pretrial Order or, in the alternative, to allow it to amend the Pretrial Order to add this counterclaim.  WAW also asks the Court to amend its ruling granting summary judgment to Jayhawk on WAW's counterclaim of unjust enrichment.

1

For the reasons set forth below, the Court **GRANTS** WAW's motion to amend the Pretrial Order regarding the alleged oral contract.  The remainder of WAW's motion is **DENIED**.

## FACTUAL BACKGROUND

The facts of this case were extensively summarized in the Court's prior Order.  (*See* Doc. 54, at 2-13.)  Those facts are incorporated herein by reference.

In that prior Order, the Court held that "the claim for breach of an oral contract is not plead in the pretrial order as part of WAW's counter claim." (*Id*., at 18.)  The Court also held that "because this alleged oral agreement is not disclosed or identified in any pleadings or the Pretrial Order, WAW is precluded from now asserting it." (*Id*., at 31.)  Further, the Court granted summary judgment as to WAW's counterclaim for unjust enrichment, holding that Kansas law does not allow a claim for unjust enrichment where contractual remedies exist. (*Id.*, at 30.)  Rather, any remedies are controlled by the parties' rights and obligations under the existing contract. (*Id*., at 30-31.)

## LEGAL STANDARD

Defendant's motion to reconsider or amend the granting of summary judgment is controlled by Fed.R.Civ.P. 59(e).

> Motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits. **White v. N.H. Dep't of Employment Sec.**, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).  A Rule 59(e) motion to alter or amend judgment is

2

> essentially a motion for reconsideration. *Henry v. Office of Thrift Supervision*, 1993 WL 545195, at *1 (D. Kan. Dec. 28, 1993) (citing *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989)), *aff'd*, 43 F.3d 507 (10th Cir.1994). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995)). Moreover, a party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court. *Federated Mut. Ins. Co. v. Botkin Grain Co.*, 856 F.Supp. 607, 609 (D.Kan.1994).

*Pound v. Airosol Co. Inc.*, 368 F.Supp.2d 1158, 1159 (D. Kan. 2004). WAW's arguments find their basis in correcting error or preventing manifest injustice. The decision of whether to grant a Rule 59(e) motion is within the sound discretion of the district court. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997).

## ANALYSIS

**I.  Oral Contract.**

Defendant WAW asks the Court to reconsider its ruling that it failed to sufficiently plead the existence of an oral agreement in the Pretrial Order as to the membership interest transfer. (Doc. 54, at 18; Doc. 60, at 2.) According to WAW, "[i]t would be consistent with Tenth Circuit law to recognize that it was part of the Pretrial Order." (Doc. 60, at 2-3.) WAW is correct that pretrial orders are to be "'liberally construed to cover any of the legal or factual theories that might be

3

embraced by their language.'" (*Id.*, at 3 (citing **Zenith Petroleum Corp. v. Steerman**, 656 F. App'x 885, 887 (10th Cir. 2016) (internal citation omitted)).

As stated in the Court's underly Order on summary judgment, the existence of an oral agreement, while not plead as a counterclaim, is referenced in WAW's Factual Contentions in the Pretrial Order. (Doc. 54, at 17.) The Pretrial Order states that "WAW further asserts that the April 27, 2016[,] Agreement was modified by oral agreement, actions of the parties and substantial performance by the parties of the modified terms." (Doc. 29, at 9.) WAW's factual contentions in the Pretrial Order also indicate that "[o]nce Jayhawk began flying N910VP on WAW's Charter Certificate, the Parties' deal was consummated other than the final contractual paperwork." (*Id.*, at 11). The oral agreement is also mentioned in the <u>defenses</u> to Jayhawk's claim for the remaining charter free, wherein WAW references discussions between the parties. (Doc. 29, at 14).

That stated, the Court noted that the claim for breach of an oral contract is <u>not</u> plead in Pretrial Order as part of WAW's counterclaim. (Doc. 54, at 17-18.) As such, the undersigned Magistrate Judge held that an oral agreement cannot be the basis for a breach of contract counterclaim by WAW. (*Id.*, at 18.)

In its present motion, WAW contends that adding a claim for breach of an oral contact does not prejudice Jayhawk. "This is not a situation where WAW's oral agreement claim comprises an entirely new claim or theory of recovery or unfair surprise, or changes the scope of the damages sought." (Doc. 60, at 5 (citing **Theno v. Tonganoxie Unified Sch. Dist. No. 464**, 394 F. Supp. 2d 1299, 1303 (D. Kan. 2005).) As held by the Tenth Circuit, courts "must liberally construe the

4

pretrial order to include 'all the legal and factual theories inherent in the issues defined therein.'" *Whalley v. Sakura*, 804 F.2d 580, 582-83 (10th Cir. 1986) (citation omitted). WAW thus asks the Court to take "into account [its] factual contentions and legal claims and defenses in their entirety" and reconsider its ruling in order to "allow WAW to argue a breach of that portion of the parties' agreement that was oral and not yet 'papered.'" (Doc. 60, at 5.)

While the Court declines WAW's request to reconsider – and overturn – its prior Order, it will allow WAW to amend the Pretrial Order to include a counterclaim relating to the breach of an oral contract. The five factors applicable to a court's determination as to the appropriateness of a requested modification to the Pretrial Order are as follows: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; (4) bad faith by the party seeking to modify the pretrial order; and (5) the timeliness of the movant's motion to amend the order. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002) (citation omitted).

Jayhawk contends that the proposed amendment "causes Jayhawk surprise or prejudice," such prejudice to Jayhawk cannot be cured, and the case will be disrupted by adding this new claim. (Doc. 67, at 12.) The Court finds that Jayhawk has not adequately established surprise, undue prejudice, or undue disruption to the case. Rather, the Court agrees with WAW that, on balance, these factors weigh in favor of amending the Pretrial Order. Given the language contained in the Pretrial Order, as well topics addressed during the discovery phase

of this case (*see* Doc. 60, at 7), Jayhawk will not be prejudiced or surprised by the inclusion of a claim for breach of an oral contract.  The timing of the present motion, being made well before trial of this matter, makes disruption a non-factor.  Finally, there is no evidence of bad faith on the part of WAW.

The Court thus **GRANTS** the portion of WAW's seeking amend the "Counterclaims of Defendant" portion of the Pretrial Order.1  WAW is allowed to include the following paragraph:

> v. The original April 27, 2016 Dry Lease Agreement was modified by oral agreement, actions of the parties, and substantial performance by the parties of the modified terms.  The Parties agreed to let Jayhawk acquire a majority membership interest in WAW and use WAW's Charter Certificate to operate N910VP's charter operations for forgiveness of half of the disputed $250,000 guaranteed charter fee, and that WAW would pay $125,000 to Jayhawk in cash to satisfy the remaining ½ of the guaranteed charter fee. The Parties worked towards papering their deal. Once Jayhawk began flying N910VP on WAW's Charter Certificate, the Parties' deal was consummated other than the final contractual paperwork.

(*See* Doc. 60, at 6.)

## II.  Unjust Enrichment.

WAW also asks the Court to amend its ruling granting Jayhawk summary judgment on WAW's unjust enrichment counterclaim.  (*See* Doc. 60, at 1, 9-10.)

---

1 The Court acknowledges Jayhawk's concerns regarding the factual basis for WAW's breach of an oral contract claim.  For purposes of this motion, these concerns do not, however, preclude the Court from granting the request to amend the Pretrial Order given how intertwined this issue is with the overall breach of contract issue, which remains

WAW's claim for unjust enrichment alleges that Jayhawk used the WAW 135 air carrier certificates to operate its charter business "while negotiating the final terms of [its] purchase of WAW," resulting in a benefit to Jayhawk in the form of charter revenue.  (Doc. 8, at ¶¶ 65-68).  WAW contends that there is a valid, existing agreement controlling the charter operations of N910VP under the 135 air certificate, the August 2017 Dry Lease, Side Letter No. 1, and Side Letter No. 2.  (*See* Doc. 54, at 31.)

The essential elements of a claim for unjust enrichment under Kansas law are:  (1) WAW conferred a benefit upon Jayhawk, (2) Jayhawk was aware, or had an appreciation of, the benefits, (3) under circumstances making it inequitable for Jayhawk to retain the benefit without payment of its value.  ***T.R. Inc. of Ashland v. Brandon***, 32 Kan. App. 2d 649, Syl. 4, 655, 87 P. 3d 331 (2004).)  Also under Kansas law, it is well-established that "[u]njust enrichment falls under the category of quantum meruit and restitution, and these 'are not available theories of recovery when a valid, written contract addressing the issue exists.'"  ***Swimwear Solution, Inc. v. Orlando Bathing Suit***, ***LLC***, 309 F.Supp.3d 1022, 1037 (D. Kan. 2018) (citations omitted).  In other words, "Kansas does not allow an unjust enrichment claim where contractual remedies are available."  *Id.*, at 1039 (citation omitted).

WAW asks that "[t]o the extent, *if at all*, that the presence of WAW's oral agreement claim in the Pretrial Order would have made a substantive difference in the Court's granting of summary judgment against WAW on the unjust enrichment claim," the Court should now "reverse such order and allow the unjust enrichment

---

pending after the Court's summary judgment ruling.  (Doc. 54.)

claim as an alternative to WAW's breach of contract claims." (*Id*., at 2 (emphasis in original).) The Court finds that the parties' relationship is clearly defined by the parties' existing contract. Simply stated, a party may not bring a claim for unjust enrichment on a matter covered by an agreement. As such, whether the matter is covered by a written or an oral contract does not change the fact that summary judgment on this claim is appropriate where a contract exists. As such, the Court **DENIES** this portion of WAW's motion.

IT IS THEREFORE ORDERED that WAW's "Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ.P. 59(e) and to Amend the Pretrial Order" (Doc. 59) is **GRANTED in part**, as to the requested amendment of the Pretrial Order regarding the existence of an oral contract, and **DENIED in part**, as to the remainder of the motion.

**IT IS SO ORDERED**.

Dated this 17th day of June, 2020.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge