IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAYHAWK 910VP, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-1153-KGG |
| WindAirWest, LLC, | ) |
| Defendant. | ) |

## **MEMORANDUM & ORDER**

On May 18, 2021, this matter came on for trial to the Court. On July 14, 2021, the Court issued its Findings of Fact and Conclusions of Law pursuant to Rule 52, Federal Rules of Civil Procedure. (Doc. 117.) Therein, the Court held that Plaintiff is entitled to judgment in the amount of $125,000 against Defendant for non-payment of the additional charter fee while Defendant is entitled to judgment against Plaintiff for failing to pay charter expenses in the amount of $39.652.08. (*Id*.) This resulted in a net judgment to Plaintiff against Defendant in the amount of $85,347.92. (*Id*.)

The parties were ordered to file simultaneous motions for attorneys' fees, which were filed on September 3, 3021. (Docs. 120, 121.) At the request of the parties, the Court held the motions in abeyance pending their continued efforts to reach a mutual resolution of the attorneys' fees issues. The parties have since

1

advised the Court that their efforts were unsuccessful.  The Court thus enters the following Order **GRANTING** Plaintiff's motion (Doc. 121) while **DENYING** Defendant's motion (Doc. 120).

## Background

The facts of this case are detailed in the Court's Findings of Fact and Conclusions of Law.  (Doc. 117, at 1-14.)  Those factual findings are incorporated herein by reference.

In that ruling, Court reached the following conclusions of law:  1) The additional charter fee was due to Plaintiff under the 2016 Dry Lease.  2) The 2016 Dry Lease was not amended by agreement to forgive the additional fee.  3) Plaintiff did not breach its agreement to consummate the purchase of Defendant's interest in good faith.  4) Plaintiff did not commit any actions which estop it from collecting the remaining additional charter fee.  5) Plaintiff breached its agreement under the 2017 Side Letter agreements by failing to pay expenses incurred during charter operations.[1]

---

[1] It is also noteworthy that, prior to trial, the Court entered summary judgment on behalf of Plaintiff, dismissing most of Defendant's counterclaims:  Count II – Fraud; Count III – Negligent Misrepresentation; Count IV – Tortious Interference with Contract; Count V – Conversion; and Count VI – Unjust Enrichment.  (See Doc. 54.)  The Court did, however, deny Plaintiff's motion for summary judgment as to Defendant's breach of contract claim.  (*Id.*)

2

The Court thus concluded that that Defendant was in default by failing to pay Plaintiff the remaining $125,000 under the 2016 Dry Lease and Plaintiff was in default of the 2017 Dry Lease by not paying all of the outstanding expenses for the aircraft's charter operations during that lease term. (Doc. 117). This resulted in a net judgment to Plaintiff against Defendant in the amount of $85,347.92. (*Id.*)

Both the 2016 and 2017 Dry Leases contain attorneys' fees provisions. (Doc. 120, at 4; Doc. 121, at 1.) Section 13.11 of both Dry Leases provides that the Court may "add to any judgment entered in favor of the prevailing party the reasonable and necessary attorneys' fees incurred in [this] action" along with costs and expenses. (Trial Exhibits. 5 and 404, at §13.11.) Within this context, the Court will now address the parties requests for attorneys' fees.

## Analysis

The award of attorneys' fees in this diversity action is governed by Kansas law. ***Kansas Penn Gaming, LLC v. HV Properties of Kansas, LLC***, 790 F. Supp. 2d 1307, 1311 (D. Kan.), aff'd, 662 F.3d 1275 (10th Cir. 2011). "Under Kansas law, attorney fees are recoverable where allowed by statute or" as in this case, "an express contractual agreement." ***Terra Venture Inc. v. JDN Real Est.-Overland Park, L.P.***, 242 F.R.D. 600, 602 (D. Kan. 2007). The party seeking attorneys' fees has the burden of establishing the reasonableness of its requested fees. ***Kansas Penn Gaming***, 790 F. Supp. 2d at 1314.

3

Even though both parties were awarded damages at trial, opposing parties cannot both be the prevailing party; thus, only one party is awarded attorneys fees. ***Harris Market Research v. Marshall Marketing & Communications, Inc.***, 948 F.2d 1518, 1528 (10th Cir. 1991); *see also* ***Fusion, Inc. v. Nebraska Aluminum Castings, Inc.***, 962 F.Supp. 1392, 1397 (D. Kan. 1997). Kansas law follows Black's Law Dictionary's definition of the term "prevailing party." ***Harris Market Research***, 948 F.2d at 1527. According to Black's, a prevailing party is

> '[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered … .'

*Id.* (quoting Black's Law Dictionary 1069 (5th ed. 1979) (quoted in ***Szoboszlay v. Glessner***, 233 Kan. 475, 664 P.2d 1327, 1333 (1983); *accord* ***Schuh v. Educational Reading Servs. of Kansas, Inc.***, 6 Kan.App.2d 100, 101, 626 P.2d 1219, 1220 (1981))).

Kansas law follows the "net judgment rule" to determine the prevailing party for an award of attorneys' fees. This rule states that states that "a prevailing party is the person who has an affirmative judgment rendered in his favor at the conclusion of the entire case." ***Szoboszlay***, 233 Kan. at 482, 664 P.2d at 1333 (1983) (citation omitted); *see also* ***Harris Market Research***, 948 F.2d at 1527 (quoting ***Szoboszlay***). In determining the prevailing party pursuant to a contractual

4

attorneys' fees provision under the net judgment rule, the entire litigation is to be considered. *Fusion*, 962 F.Supp. at 1398.

Defendant contends it is the prevailing party pursuant to the August 14, 2017 "Dry Lease" and Side Letter Agreements of August 22, 2017, and September 14, 2017 (collectively referred to as the "2017 Dry Lease"). Defendant concedes that Plaintiff "may have been successful on its breach of contract claim under the 2016 "Dry Lease," but "consideration of this case in its entirety leads the Court to find the net judgment is in [Defendant's] favor." (Doc. 120, at 1, 4.)

Defendant contends that at the time Plaintiff filed this lawsuit, Plaintiff owed Defendant approximately $147,591.73 in outstanding expenses relating to the aircraft. (Doc. 120, at 7.) Defendant asserts that its damages were significantly reduced over time because Plaintiff paid down its outstanding debts while Defendant worked to mitigate its losses. (*Id*.) According to Defendant, the fact that its final judgment was only $39,652.08 while the offset ultimately awarded to Plaintiff was $85,347.92 "does not negate the fact that [Defendant] recovered significantly more throughout this case." (*Id*.) Defendant continues that Plaintiff

> agreed to pay approximately $19,000 towards Stephen Lentz's pilot invoices on the third day of trial. [Plaintiff] further paid close to $90,000 worth of outstanding vendor invoices after commencing this lawsuit and suing [Defendant] for $125,000. Collectively, [Defendant] recovered more than [Plaintiff] throughout this lawsuit and obtained favorable results as the prevailing party on its breach of contract claim. Moreover, the net judgment

5

> is in [Defendant's] favor because it successfully recovered approximately $147,591.73 over the course of this litigation … [while Plaintiff] only recovered $125,000. [Defendant] should not be penalized on the issue of attorneys' fees because [Plaintiff] decided to slowly pay down [Defendant's] damages over the course of this lawsuit, thereby reducing [Defendant's] ultimate award issued by the Court on July 14, 2021.

(*Id*.)

Defendant has cited no legal authority to support the argument that extra-record events occurring during litigation should be considered in determining which party has "prevailed." Further, Defendant points to no evidence or testimony at trial that places these facts in the record before the Court. The Court acknowledges the general stipulation that some vendors were paid by Plaintiff after the lawsuit was filed (*see* Doc. 7, Pretrial Order) and the announcement during trial that a debt to the Chief Pilot had been paid. Plaintiff, on the other hand, argues that it is the prevailing party because its net judgment of $85,347.92 is in excess of Defendant's counterclaim or setoff. (Doc. 121, at 3 (citing **Harris**, 948 F.2d at 1527-28).)

In **Szoboszlay**, the Kansas Supreme Court quoted with approval authority for the conclusion that " 'generally there can be only one final judgment in an action and although a cross-complaint has been filed and matters therein stated are put to issue it is not such a pleading that requires, or permits the rendition of two separate judgments.' " 233 Kan. at 484, 664 P.2d at 1334 (internal citations omitted). The

***Szoboszlay*** court also quoted with approval the holding that " '[w]here such is the case it has uniformly been held that the party awarded the net judgment is the prevailing litigant and thus the *successful party*.' " *Id*. (internal citations omitted) (emphasis in original).

Plaintiff continues that after it successfully prosecuted summary judgment against Defendant's counterclaims (other than the breach of contract claim), Defendant's claim for damages remained in excess of $1.3 million. (Doc. 121, at 4 (citing Defendant's trial brief, Doc. 88).) Plaintiff asserts that it clearly prevailed at trial because

> the end result of these proceedings precisely matched that which [Plaintiff] sought – a $125,000 award against [Defendant] for failure to pay the additional charter fee offset by the unpaid fuel bill of $39,562.00, resulting in a 'net judgment to [Plaintiff] and against [Defendant]' for $85,347.92. Again, under any reasonable analysis of the facts, circumstances, procedural history, and outcome of this case, and proper application of the Kansas net judgment rule, the Court should conclude and rule [Plaintiff] is the prevailing party in this action and is entitled to an award of attorney's fees, costs, and expenses under §13.11 of both the 2016 Dry Lease and 2017 Dry Lease.

(Doc. 121, at 4-5.) The Court applies the "net judgment rule" and finds that Plaintiff is the prevailing party. Plaintiff is entitled to an award of attorneys fees under the 2016 Dry Lease Agreement.

7

Under Kansas law, the amount of an award of attorneys' fees is within the sound discretion of the District Court. ***Heavy Petroleum Partners, LLC v. Atkins***, No. 09-1077-EFM, 2013 WL 6858509, at (D. Kan. Dec. 30, 2013) (citing ***Link, Inc. v. City of Hays***, 268 Kan. 372, 381, 997 P.2d 697 (2000)). "Kansas law views the district court as an expert on the issue of attorney fees." *Id*. (citing ***Link***, 268 Kan. at 382).

The Court **GRANTS** Plaintiff's motion (Doc. 121) and finds that Plaintiff is the prevailing party and thus entitled to attorneys' fees. Defendant's motion (Doc. 120) is **DENIED**.

Plaintiff is **ORDERED** to submit a supplement to its Motion for Attorneys Fees (Doc. 121) within two weeks of the date of this Order addressing the dollar amount of fees sought. Defendant shall have two weeks from the date of Plaintiff's supplemental submission to file its response. No reply will be allowed. In reaching a conclusion as to the amount of fees to award, the Court will exercise its equitable powers based on the overall outcome of this litigation. *See **Fusion, Inc.***, *supra*.

The Court further finds that the parties have fulfilled their obligations to consult as required by D. Kan. Rule 54.2. The Court, however, encourages the parties to continue discussions in light of the findings herein.

**IT IS SO ORDERED**.

8

Dated this 3rd day of November, 2021.

/S KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge